KELLY *v.* PITCHER.

*(City Court of Brooklyn, General Term.* July 22, 1888.)

GUARDIAN AND WARD—SALE OF REALTY—BOND OF SPECIAL GUARDIAN.

Code Civil Proc. N. Y. § 2352, relating to proceedings to sell infants' realty, provides that the court must appoint a suitable person as special guardian, who must "thereupon" file with the clerk a bond, approved by the court. Section 2354 provides that upon presentation of the petition, "and the filing of the bond," the court must make an order of reference, to inquire into the merits of the application.

*Held*, that the failure of the special guardian to file his bond, previously duly executed and approved, until after the making of the order of reference, does not prejudice the infant's rights, and is a mere irregularity, in no wise affecting the validity of the proceedings.

Case submitted on agreed statement.

Action by Mary F. Kelly against Frederick G. Pitcher. The question in dispute depends upon the following provisions of the Code of Civil Procedure, in relation to proceedings for the sale of infants' realty: "Sec. 2352. Upon an application to sell, mortgage, or lease real property, or an interest in real property, of an infant, the court must appoint a suitable person to be the special guardian of the infant, with respect to the proceedings; who must thereupon file with the clerk a bond, as prescribed in the last section." "Sec. 2354.· Upon the presentation of the petition, and the filing of the bond, the court must make an order appointing a suitable person referee, to inquire into the merits of the application," etc.

Argued before OSBORN, VAN WYCK, and CLEMENT, JJ.

*R. H. Cole*, for plaintiff. *Jas. P. Judge*, for defendant.

OSBORN, J. This is a submission of a controversy upon facts admitted, under section 1279 *et seq.* of the Code of Civil Procedure. The controversy arises on a sale by plaintiff to defendant of certain premises on Carroll street, in this city, and as to her ability to convey a good marketable title thereto; and the alleged defects in her title are claimed to arise out of the invalidity of certain proceedings had in this court for the sale of infants' real estate, under which plaintiff derives her title. The premises in question were owned by five infants, named Murray, as tenants in common. On August 10, 1886, on a petition in behalf of said infants, through their aunt, an order was made appointing John Travers special guardian of said infants, on his executing, acknowledging, and filing with the clerk of this court a bond, with sureties named in said order, conditioned as prescribed by the Code. On August 16, · 1886, said Travers, with the sureties named in said order, executed and acknowledged a bond in accordance with the terms of said order, and said bond was presented to, and duly approved by, a judge of this court on August 20, 1886; and on that day an order was made, reciting the order of August 10, 1886, made on said petition, and further reciting as follows: "Now, on reading and filing the aforesaid petition, and due proof by an inspection of the bond, that said special guardian has executed and filed a bond as required by said order," and directing a reference to take proof of the allegations of said petition, etc. All of the foregoing papers were filed together in the office of the clerk of this court on, and not until, December 14, 1886, and while the proceedings on said reference were pending, and still undetermined, before the referee. Thereafter such proceedings were had that, with the approval of the court, said premises were conveyed by said infants, through their said special guardian, to the plaintiff therein.

Defendant now objects to taking title to the premises in question from the plaintiff on the ground that the above proceedings were fatally defective, in "that the petition and bond of the special guardian was not filed in the office of the clerk of this court before the application for, and before the order was made appointing, a reference in such proceedings, as provided by law, and that such failure to file the petition and bond before any further proceedings were had is fatal, and makes void the whole proceedings subsequent to the petition; and that the court had no power or jurisdiction to make the order of reference therein until the guardian had fully qualified, which is not so, until he has filed the bond as directed by the order appointing him." Proceedings for the sale of infants' real estate have been surrounded by the legislature with all the safeguards that a zealous regard for the interests of infants could suggest, and the courts have always been careful to protect their interests. It

is undoubtedly true, as contended for by the learned counsel for the defendant, that the proceedings, as prescribed by the Code of Civil Procedure, must be closely followed in all essential particulars, in order to effect a valid sale of an infant's realty. This does not mean, however, a mere blind adherence to the letter of the statute, disregarding its spirit; but the statute is to be closely observed in every respect, where a failure to do so would in any manner jeopardize the rights of the infant, or deprive him of the semblance of a benefit. Here it appears that, although the bond of the special guardian was duly executed, acknowledged, and approved by the court, and filed as recited in the order of August 20, 1886, it was not actually deposited with the clerk till December 14, 1886. We fail to see that the neglect to file the bond with the clerk sooner in any manner jeopardized the rights of the infants, or deprived them of any rights to which they were entitled. The bond was enforceable, although not filed; and if it could be shown that, while the reference was proceeding, the special guardian failed in the faithful discharge of his trust, his sureties would undoubtedly be liable. There is no pretense that this is the case. Before the referee reported, the bond was deposited with the clerk, and the statute in this respect was literally complied with, and the interest of the infants did not suffer by a failure to file it sooner. The failure to file the bond with the clerk prior to the entry of the order of reference was, at most, a mere irregularity, unsubstantial in its character, not affecting the jurisdiction of the court or the validity of the sale ultimately had in the proceeding. We are therefore of opinion that the special guardian for said infants was appointed and legally qualified to act when the order of reference was made; that the court had jurisdiction to make such order; that the failure to file the bond with the clerk before any proceedings were had before the referee was not such an error as invalidated the whole of the proceedings subsequent to the filing of the petition; and that, so far as the objections urged on this appeal go, the plaintiff herein can convey a good marketable title in fee, and the defendant should be compelled to take title, notwithstanding the objections. Judgment for the plaintiff that defendant take title to the premises in pursuance of contract. No costs, as per stipulation. All concur.